

## State of New Jersey

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

Erica.Heyer@dol.lps.state.nj.us

JOHN J. HOFFMAN
*Acting Attorney General*

ROBERT T. LOUGY
*Acting Director*

February 18, 2014

***Via Electronic Filing and Regular Mail***
The Hon. Joel Pisano, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: *William D. Brown v. Michaelowski, et al.*
      Docket No. 3:13-cv-04979-JAP-LHG

Dear Judge Pisano:

  This office represents the Defendants in the above captioned matter. Defendant Jack Amberg ("Amberg") was only recently served with the Amended Complaint[1] and hereby joins in the Defendants' pending Motion to Dismiss Plaintiff's Amended Complaint.[2] Amberg should be dismissed with prejudice for the reasons set forth in Defendants' Motion to Dismiss.

  Plaintiff has been a substitute teacher for the New Jersey Training School, which is under the direction of the Juvenile Justice Commission ("JJC"). Defendant Amberg previously served as the Director of Education of the JJC. Defendant Amberg retired in 2006. Plaintiff did not allege any factual allegations in the Amended Complaint with regard to Defendant Amberg occurring since his retirement in 2006.

  The applicable statute of limitations bars all of Plaintiff's claims as to Defendant Amberg. Count I alleges a Title VII violation. Title VII "specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit."[3] "Pursuant to 42 U.S.C. § 2000e-5(c), the EEOC must refer complaints arising in New Jersey to the New Jersey Division on Civil Rights. Due to the existence of this deferral agency, a plaintiff's complaint is thus timely filed if received by the EEOC within 300 days

---

[1] See Amended Complaint filed as CM/ECF Doc. No. 14 on November 18, 2013. (Defendant Amberg has never been served with the Complaint filed as CM/ECF Doc. No. 1 on August 15, 2013)
[2] See Motion to Dismiss Plaintiff's Amended Complaint, filed as CM/ECF Doc. No. 15 on December 2, 2013.
[3] Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974).



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 292-6252 • FAX: (609) 984-6446
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

from the date of the alleged violation."[1]  Failure to file a Charge of Discrimination within 300 days of the alleged violation bars any recovery.[2]  Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission on November 27, 2012.[3]  Thus any claims arising more than 300 days earlier, or prior to February 1, 2012, are barred. The alleged violation by Amberg would have been at the latest sometime in 2006; therefore, claims against Amberg are barred by the statute of limitations.

The remaining Counts are subject to a two-year statute of limitations.  Count III alleges a violation of the New Jersey Law against Discrimination, which is subject to a two-year statute of limitations.[4]  Count IV alleges a claim under 42 U.S.C.A. §1983, which is also subject to a two-year statute of limitations.[5]  Finally, Count II alleges a claim under Monell.[6]  Although Monell is inapplicable to individuals and therefore inapplicable to Defendant Amberg, it is also subject to the two-year statute of limitations on §1983 claims.[7]  These two-year statutes of limitations on Counts II, III, and IV ran on August 15, 2011.[8]  Clearly, the two-year statutes of limitations bar any claims against Defendant Amberg, because any violation by Amberg would have been at the latest in 2006.  As such, this Court should dismiss all claims against Defendant Amberg with prejudice.

          Respectfully yours,

          JOHN J. HOFFMAN
          ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   *s/ Erica R. Heyer*
       Erica R. Heyer
       Deputy Attorney General

cc:    Matthew Weisberg, Esquire (*via electronic filing*)

---

[1] Cortes v. Univ. of Med. & Dentistry, 391 F. Supp. 2d 298, 310 (D.N.J. 2005) citing Bishop v. New Jersey, 84 Fed. Appx. 220, 2004 WL 25264 (3d Cir. 2004); Gona v. College of Medicine & Dentistry, 1985 U.S. Dist. LEXIS 23809, 1985 WL 391 (D.N.J. 1985).
[2] AMTRAK v. Morgan, 536 U.S. 101, 110 (U.S. 2002).
[3] See Charge of Discrimination filed as CM/ECF Doc. No. 15-3, page 2 on December 2, 2013.
[4] See Montells v. Haynes, 133 N.J. 282, 291-295 (1993) (holding that the statute of limitations period for claims under the New Jersey Law Against Discrimination is two years).
[5] See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (holding that §1983 claims brought in New Jersey are subject to a two-year statute of limitations).
[6] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (U.S. 1978) (holding that municipal bodies sued under § 1983 cannot be entitled to an absolute immunity).
[7] See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (holding that §1983 claims brought in New Jersey are subject to a two-year statute of limitations).
[8] See Plaintiff's Complaint, CM/ECF Doc. No. 1 filed on August 15, 2013.