

*State of New Jersey*

| CHRIS CHRISTIE | OFFICE OF THE ATTORNEY GENERAL | JOHN J. HOFFMAN |
|---|---|---|
| *Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY | *Acting Attorney General* |
| | DIVISION OF LAW | |
| KIM GUADAGNO | 25 MARKET STREET | ROBERT T. LOUGY |
| *Lt. Governor* | PO Box 112 | *Acting Director* |
| | TRENTON, NJ 08625-0112 | |

Erica.Heyer@dol.lps.state.nj.us

February 18, 2014

**_Via Electronic Filing and Regular Mail_**
The Hon. Joel Pisano, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:   William D.  Brown v. Michaelowski, et al.
>        Docket No. 3:13-cv-04979-JAP-LHG

Dear Judge Pisano:

        This office represents Defendants in the above captioned matter, wherein Plaintiff complains that Defendants failed to promote him from Teacher 3 to Teacher 1 of psychology because he is African/Asian-American.  Please accept this Letter Brief in opposition to Plaintiff's Motion to Amend.[1]  Plaintiff's Motion to Amend should be denied because the proposed Second Amended Complaint fails to cure the issues addressed in both Defendants' Motion to Dismiss the Complaint and Defendants' Motion to Dismiss the Amended Complaint.[2]  Defendants hereby incorporate both Motions to Dismiss in this Opposition to Plaintiff's Motion to Amend.

        Plaintiff's proposed Second Amended Complaint differs from the Complaint and Amended Complaint in only two significant ways: (1) the removal of a cause of action based upon Monell,[3] and (2) the addition of Defendant, Beth Annable ("Annable").  Despite the addition of Defendant Annable, Plaintiff did not plead any factual allegations alleging Annable's involvement in the alleged failure to promote Plaintiff; therefore, Plaintiff failed to set forth a

---

[1] See Motion to Amend filed as CM/ECF Doc. No. 22 on February 3, 2013.

[2] Defendants filed a Motion to Dismiss the Complaint.  (See CM/ECF Doc. No. 12 filed on October 24, 2013). Rather than filing opposition to the Motion to Dismiss the Complaint, Plaintiff improperly filed an Amended Complaint without leave of Court.  (See CM/ECF Doc. No. 14 filed on November 18, 2013).   Thereafter, Defendants filed a Motion to Dismiss the Amended Complaint.  (See CM/ECF Doc. No. 15 filed on December 2, 2013).  Plaintiff failed to timely oppose the Motion to Dismiss the Amended Complaint, but Defendants stipulated to permit Plaintiff to file the instant Motion to Amend.  (See CM/ECF Doc. No. 20 filed on January 27, 2014).

[3] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (U.S. 1978) (holding that municipal bodies sued under § 1983 cannot be entitled to an absolute immunity).



February 19, 2014
Page 2

*prima facie* case of any of the causes of action.  Further, Plaintiff failed to allege a time when any Defendant allegedly failed to promote him.

Plaintiff, by his own allegations, proves that he lacks the credentials to be promoted from Teacher 3 to Teacher 1 of psychology.[1]  A Teacher 3 is in essence a permanent substitute teacher, whereas a Teacher 1 is a fully certified teacher.  There are various types of certifications for teachers.  "The standard certificate is a permanent certificate issued to candidates who have met all requirements for State certification."[2]  "A certificate of eligibility ("CE") is a certificate with lifetime validity that the Board of Examiners may issue to candidates who meet degree, academic and applicable test requirements."[3]  The CE "authorizes the holder to seek employment . . . [but the] holder of a CE . . . shall not assume responsibility for a job assignment until the holder has been issued a provisional certificate."[4]  "The provisional certificate is a two-year certificate issued to candidates who have met requirements for initial employment as part of a State-approved school district training program or residency leading to standard certification."[5] The requirements of a provision certificate include (1) holding a CE, (2) accepting employment in a position that requires instructional certification, and (3) registration in a State-approved district training program.[6]

Plaintiff claims to have sent a letter to Annable in 2007 informing the Department of Education of Plaintiff's credentials,[7] which Plaintiff alleges includes a provisional certification of eligibility for teacher of Psychology."[8]  In fact, Plaintiff holds a "Certificate of Eligibility," which states that Plaintiff "completed certain requirements for certification and is eligible to seek employment in positions requiring the Provisional Certificate in the area [of psychology]."  (See Plaintiff's Certificate of Eligibility attached hereto as Exhibit A.)  In stark contrast to Plaintiff's Certificate of Eligibility, the two Caucasian psychology teachers that Plaintiff alleges were promoted to Teacher 1 of psychology, Maria Ippolito ("Ippolito") and Keith Zwicker ("Zwicker"),[9] each hold a "Standard Certificate" authorizing them to "serve in the public schools of New Jersey" as a "Teacher of Psychology."  (See Standard Certificates attached hereto as Exhibit B).  Thus, Ippolito's and Zwicker's qualifications exceed that of Plaintiffs.

Further, Ippolito and Zwicker were not 'promoted' to Teacher 1 of Psychology.  Both had previously been in a Teacher 1 position, but not teaching psychology because the Juvenile Justice Commission had never offered psychology courses.  However, in 2012 the Department of Education required the Juvenile Justice Commission to re-align its teachers to instruct subjects

---

[1] See proposed Second Amended Complaint filed on February 3, 2014 as Doc. No. 22-1, ¶17.
[2] N.J.A.C. 6A:9-6.1.
[3] N.J.A.C. 6A:9-6.4(a).
[4] N.J.A.C. 6A:9-6.4(c).
[5] N.J.A.C. 6A:9-6.2.
[6] N.J.A.C. 6A:9-8.2.
[7] See proposed Second Amended Complaint filed on February 3, 2014 as Doc. No. 22-1, ¶24.
[8] See proposed Second Amended Complaint filed on February 3, 2014 as Doc. No. 22-1, ¶17.
[9] See proposed Second Amended Complaint filed on February 3, 2014 as Doc. No. 22-1, ¶23-26.

that were commensurate with their certifications.  Teachers with certifications in subject areas that were not needed were laid off as part of the Reduction-in-Force.  Although psychology had never been taught at the Juvenile Justice Commission before 2012, Ippolito and Zwicker began teaching psychology, because they would otherwise have been laid-off as part of the reduction in force.  By requiring Ippolito and Zwicker to teach psychology, the Juvenile Justice Commission prevented them from losing their jobs.

Plaintiff was not overlooked for a promotion to Teacher 1 of psychology due his race, because no promotion occurred.  The two teachers of psychology were not promoted, as they both were already Teacher 1 before being required to teach in their area of certification.  Even if there were promotions, Plaintiff lacks a Standard Certificate that is required to be a Teacher 1 of psychology, so he is unqualified for the position.  As such, Plaintiff's Motion to Amend should be denied and all claims should be dismissed with prejudice.

Respectfully yours,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:    *s/ Erica R. Heyer*
       Erica R. Heyer
       Deputy Attorney General

cc:    Matthew Weisberg, Esquire (w/ enc.) *via electronic filing*