NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM D. BROWN, | |
| Plaintiff, | Civil Action No. 13-cv-4939 (JAP) |
| v. | **OPINION** |
| KELLY MICHAELOWSKI, JACK AMBERG, NEW JERSEY TRAINING SCHOOL, NEW JERSEY JUVENILE JUSTICE COMMISSION, NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, and JOHN DOES 1 to 10, | |
| Defendants. | |

PISANO, District Judge

Presently before the Court is Defendants', the New Jersey Training School, New Jersey Juvenile Justice Commission, New Jersey Department of Law & Public Safety, the State of New Jersey, Kelly Michaelowski, and Jack Amberg (collectively "Defendants") motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #15 and 28]. Plaintiff, William D. Brown ("Plaintiff"), opposes this motion [docket #25] and has also filed a motion for leave to file a Second Amended Complaint [docket #22]. Defendants oppose this motion [docket #29]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court GRANTS Defendants' motion to dismiss in its entirety [docket #15] and DENIES Plaintiff's motion for leave to file a Second Amended Complaint [docket #22].

1

I.      BACKGROUND

Plaintiff's Amended Complaint, received by the Court on November 18, 2013, consists of three (3) causes of action[1] pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 1983, and the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-12.  See Plaintiff's Amended Complaint ("Compl."), pp. 6-8. The following allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff is an African-American and Asian-American employee of Defendants, working as a "Teacher 3" at the Wilson School.  Compl. ¶ 1.  Plaintiff was hired in or around 1996 as a teacher's assistant, and in February 1997 was promoted to the position of "Teacher 3," which is akin to being a substitute teacher and assigned to varying classrooms and courses.  Compl. ¶¶ 15-16.  In 2010, a reduction in force ("RIF") occurred and all teachers' assistants were laid off subject to New Jersey laws governing RIF's.  Compl. ¶ 17.  Similarly, two (2) years later in August 2012, another RIF occurred whereby all teachers who were certified to teach specific subjects were required to be assigned to teach those subjects, and if those subjects were not offered, were laid off.  Compl. ¶ 18.  Plaintiff was not subject to either RIF.  Compl. ¶ 19.

At all times material, Plaintiff held a provisional certification of eligibility to teach psychology.  Compl. ¶ 20.  Defendants Michaelowski and Amberg advised Plaintiff that, in order to obtain a full certification, he would need a mentorship but there were no mentors available.  Compl. ¶¶ 21-22.  However, the mentorship requirement was not a condition of certification.  Compl. ¶ 24.  When Plaintiff requested a promotion, Defendants cited the RIF and requirement of full certification as the reasons for denying Plaintiff's promotion, and instead promoted two (2)

---

[1] Plaintiff's Amended Complaint initially contained four (4) causes of action; however, Plaintiff conceded to withdraw his § 1983 *Monell* claim.

Caucasian's to "Teacher 1" for psychology.  Compl. ¶¶ 23, 25-26.  As a result of being denied the "Teacher 1" promotion, Plaintiff alleges that he has suffered significant loss.  Compl. ¶ 29.

## II.  DISCUSSION

### a.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  To decide if a complaint meets this plausibility standard and therefore survives a motion to dismiss, the Third Circuit has required a three step analysis:  (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly

give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Further, Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir.2004). Therefore, motions to amend should be liberally granted, absent substantial prejudice, unless "denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiencies by amendments previously allowed or futility of amendment." *Lundy v. Adamar of New Jersey, Inc.,* 34 F.3d 1173, 1196 (3d Cir.1994) (internal citation omitted). Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. See *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

    **b.**    **Analysis**

        *i.*    *Title VII of the Civil Rights Act*

Count one (1) of Plaintiff's Amended Complaint alleges a violation of 42 U.S.C. § 2000e-3(a), as amended by the Civil Rights Act of 1991 ("Title VII"), because Defendants denied Plaintiff a promotion based on his race and instead, hired two (2) Caucasian employees who were less qualified. Compl. ¶¶ 32-33, 35, 39. "[U]sually '[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim ... for conciliation or resolution.'" *Green v. Potter*, 687 F. Supp. 2d 502, 516 (D.N.J. 2009) (citing *Hornsby v. United States Postal Service,* 787 F.2d 87, 90 (3d

4

Cir.1986)).  "Title 42 U.S.C. § 2000e–5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit." *Cortes v. Univ. of Med. & Dentistry of New Jersey*, 391 F. Supp. 2d 298, 309 (D.N.J. 2005).  Prior to bringing a claim for relief in federal court pursuant to Title VII, a plaintiff "must file a charge [with the Equal Employment Opportunity Commission "EEOC"] within the statutory time period and serve notice upon the person against whom the charge is made." *Id.*

Here, Plaintiff filed a charge of discrimination with the EEOC against only the "State of N.J. Dept. of Law & Public Safety."  See Certification of Erica R. Heyer, Ex. A.[2]  As such, Plaintiff failed to comply with the prerequisite EEOC filing requirements with respect to Defendants New Jersey Juvenile Justice Commission, the New Jersey Training School, the State of New Jersey, Kelly Michaelowski, and Jack Amberg and for that reason alone, Plaintiff's Title VII claim against those Defendants must be DISMISSED.

As for the remaining Defendant in Plaintiff's Title VII claim, the New Jersey Department of Law & Public Safety, the Court must apply the familiar burden shifting framework set forth in *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to determine whether Plaintiff has established a *prima facie* case of race discrimination.  "[A]lthough 'the *prima facie* elements of a discrimination claim vary depending on the particular facts of the case,' see *Vulcan Pioneers of New Jersey v. City of Newark*, 374 F. App'x 313, 318 (3d Cir. 2010) (quoting *Storey v. Burns Int'l Sec. Servs.,* 390 F.3d 760, 764 (3d Cir.2004)), the plaintiff's task

---

[2] "In deciding a motion to dismiss, a court's consideration is generally limited to the allegations contained in the complaint, exhibits attached thereto and matters of public record." *Nappier v. Pricewaterhouse Coopers LLP*, 227 F. Supp. 2d 263, 270 (D.N.J. 2002) (citing Fed.R.Civ.P. 12(b)(6); 2 James Wm. Moore, et al., *Moore's Federal Practice,* § 12.34[2] (3d ed.2002)). "However, a court may also consider 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Id.* (quoting *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993)).

generally is to 'raise[ ] an inference of discrimination.'" *Id.* (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). At the motion to dismiss stage, an employment discrimination plaintiff does not need to prove its *prima facie* case of discrimination ". . . because the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard." *DiTommaso v. Medicines Co.*, 754 F. Supp. 2d 702, 705 (D.N.J. 2010) (internal quotation omitted). However, a plaintiff must plead facts that would make his or her *prima facie* case under the *McDonnell Douglas* framework plausible.

As such, Plaintiff must show that it is plausible that: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for [the] job . . .; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the [New Jersey Department of Law & Public Safety] continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp.*, 411 U.S. at 802. Here, taking Plaintiff's allegations as true, there is no dispute that he belongs to a racial minority and that he was denied a promotion. As an initial matter, the parties dispute whether Plaintiff was qualified for the promotion; however, the Court need not even reach this issue, because Plaintiff has failed to show plausibility that this particular Defendant "continued to seek applicants from persons of complainant's qualifications." *Id.* Rather, Plaintiff's Complaint alleges facts surrounding the individual Defendants decision to hire two (2) other individuals, but makes no allegations surrounding how these actions can be imputed, if at all, to the New Jersey Department of Law & Public Safety. The Complaint is completely devoid of any facts linking the individual Defendants to the Department of Law & Public Safety and for that reason, the Court cannot conclude that Plaintiff's Title VII claim against this Defendant is plausible. Accordingly, Plaintiff's Title VII claim is DISMISSED.

    ii.  *Sections 1983 of Title 42 of the United States Code*

42 U.S.C. § 1983 "imposes civil liability upon any person, who acting under the color of state law, deprives another individual of any rights, privileges or immunities secured by the Constitution or laws of the United States." *White v. Williams*, 179 F. Supp. 2d 405, 417 (D.N.J. 2002). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (*citing Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979)). For a § 1983 claim to survive a motion to dismiss, the plaintiff must plead that: "'(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under the color of state or territorial law.'" *Id.* (*quoting Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995).

Here, Plaintiff withdrew his § 1983 claim against the municipal Defendants and only seeks to pursue this claim as against the individual Defendants, Michaelowski and Amberg. In his Complaint, however, Plaintiff merely states that the alleged constitutional violation was "committed under color of state law." Compl. ¶ 57. Further, in Plaintiff's motion papers, Plaintiff makes clear that he is pursuing a § 1983 against Defendants Michaelowski and Amberg in their individual capacities, but raises no allegations as to how their conduct was committed under color of state law. Plaintiff's failure to include any facts establishing a nexus between the individual Defendants and the State hardly makes Plaintiff's § 1983 claim plausible. See *Bachman v. United States*, CIV 03-4897 GEB, 2006 WL 3761985, at *7 (D.N.J. Dec. 19, 2006) ("The [under color of state law] inquiry is whether there is a sufficiently close nexus between the State and the challenged action.") (citation omitted). Accordingly, Plaintiff's 42 U.S.C. § 1983 claim is DISMISSED.

    *iii.*    *New Jersey Law Against Discrimination*

7

Similar to Title VII, discrimination claims brought under the NJLAD must also be analyzed under the burden shifting framework set forth in *McDonnell Douglas*. See *Davis v. City of Newark*, 285 F. App'x 899, 903 (3d Cir. 2008).  Thus, to survive a motion to dismiss, Plaintiff must show it is plausible that he: "belongs to a protected class; that [ ] he was qualified for the position; that [ ] he suffered an adverse employment action; and the adverse action occurred under circumstances that give rise to an inference of discrimination." *Id*. (citing *Jones v. Sch. Dist. of Philadelphia,* 198 F.3d 403, 410–12 (3d Cir.1999)).  As stated above, there is no dispute that Plaintiff belongs to a protected class and was denied a promotion.  Defendant denies that Plaintiff was qualified for the position but again, the Court need not reach this issue.  Rather, Plaintiff's Complaint and proposed Amended Complaint fail to plead any facts such that circumstances giving rise to an inference of discrimination are plausible.  Plaintiff, without more, merely states that he was denied a promotion because of his race, and that two (2) Caucasian employees were given promotions.  However, Plaintiff fails to "allege sufficient facts [ ] giv[ing] rise to an inference of discriminatory intent." *Mann v. Prince Telecom, LLC*, CIV. 1:12-06263 RMB, 2013 WL 3884189 (D.N.J. July 26, 2013).

Moreover, as for the state Defendants, there has been no waiver of Eleventh Amendment immunity for claims brought in federal court pursuant to the NJLAD.  See *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003) ("The State . . . has not explicitly waived Eleventh Amendment immunity for claims brought in federal court under the NJLAD.").  Stated differently, "[t]he NJLAD does not contain the express language required to waive the State's immunity from suit in federal court, therefore, State Defendants retain their immunity." *Id.* (citing *Rudolph v. Adamar of N.J., Inc.,* 153 F.Supp.2d 528, 540–44 (D.N.J.2001).  Thus, Plaintiff's NJLAD claim against the State of New Jersey, the New Jersey Training School, the New Jersey Juvenile Justice Commission, and the New Jersey Department of Law & Public Safety must fail, as these

8

Defendants are entitled to immunity. Accordingly, and for the reasons discussed above, Plaintiff's NJLAD claim is DISMISSED.

### iv. *Plaintiff's Motion to Amend*

"The Third Circuit has stated that 'the trial court may properly deny leave [to amend] when the amendment would not withstand a motion to dismiss [under Fed.R.Civ.P. 12(b)(6) ].'" *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (quoting *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983)). Stated differently, "the futility of an amendment may only serve as a basis for denial of leave to amend where the proposed amendment is frivolous or advances a claim that is legally insufficient on its face." *Id.* (citation omitted). Here, Plaintiff's proposed Amendment merely adds another Defendant, and withdraws the *Monell* claim. However, the allegations in Plaintiff's Complaint do not cure the deficiencies noted above with respect to Plaintiff's Title VII, § 1983, and NJLAD claims. As such, the proposed amendment would not withstand a motion to dismiss and for that reason, Plaintiff's motion to amend must be DENIED.

### III.  CONCLUSION

For the foregoing reasons, this Court GRANTS Defendants' motion to dismiss in its entirety [docket #15] and DENIES Plaintiff's Motion to Amend [docket #22]. An appropriate Order accompanies this Opinion.

Date:  July 28, 2014                                       /s/ Joel A. Pisano
                                                                    JOEL A. PISANO
                                                                    United States District Judge